# Hubbard

# Declaration

<u>DECLARATION OF CHARLES HUBBARD</u>

I, Charles Hubbard, hereby declare:

1.     I am the Correctional Programs Administrator for the Western Region of the Federal Bureau of Prisons (BOP). I have held this position since May 2021 and have been employed by the BOP since 2010. Prior to assuming this position, I served in positions of increasing responsibility in the correctional programs field including serving as Case Manager, Assistant Case Management Coordinator, Unit Manager, and Case Management Coordinator.

2.     I am making this declaration in the case of *Ochoa v. Thompson, et al*, Case No. 2:21-cv-01795-KJN, wherein BOP counsel has informed me that inmate Sergio Ochoa, Federal Register Number 74818-112, (Petitioner), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking the immediate award and application of First Step Act (FSA) time credits towards pre-release custody.

3.     In the regular course of my duties, I utilize BOP's official records, including a database called SENTRY (which contains information by inmate as to court, judgment, sentence data, and also inmate personal information, among other identifying information). Based on my training and experience and my review of prison records, including SENTRY, I am aware Petitioner is currently serving a 180-month term of imprisonment imposed by the United States District Court for the Northern District of Illinois. On June 14, 2018, Petitioner was sentenced in Criminal Action Number 1:15-cr-00447(12) for violation of 21 U.S.C. § 846, Conspiracy to Distribute a Controlled Substance and violation of 18 U.S.C. § 1956, Money Laundering – Interstate Commerce. *See* Attachment 1, which is a true and correct copy of Petitioner's Judgment and Commitment Order. According to the BOP's inmate locator, publicly available at http://www.bop.gov/inmateloc/ (last visited Jan. 26, 2022), Petitioner is presently confined at Federal Correctional Institution at Herlong,

California (FCI Herlong) and has a Projected Release Date of February 24, 2030, via Good Conduct Time (GCT) release.

4. The BOP has a three-level Administrative Remedy Program, whereby inmates can formally file a complaint about any aspect of their incarceration. *See* 28 C.F.R. § 542.10, *et seq*. The program requires that the inmate first attempt Informal Resolution (BP-8). The inmate may then present his request for Administrative Remedy to the Warden (BP-9). If dissatisfied with the Warden's response, the inmate may appeal the Warden's decision to the Regional Director (BP-10). If dissatisfied with that response, the inmate may, finally, appeal to the General Counsel in the Central Office of the BOP (BP-11). An inmate has not exhausted the Administrative Remedy process until he or she has filed his or her complaint at all three levels and has received a response from all three levels, not including the situation where a remedy is "rejected." 28 C.F.R. § 542.10, *et seq*. Attached hereto as Attachment 2 is a true and correct copy of Petitioner's Administrative Remedy Generalized Retrieval report from SENTRY generated January 26, 2022. Petitioner has not submitted any Administrative Remedy Request seeking First Step Act Time Credits (FTCs). *Id.* Thus Petitioner has not exhausted his administrative remedies with regard to the issue he raises in his Petition.

5. On December 21, 2018, Congress enacted the First Step Act (FSA) to address reentry of the incarcerated directing the BOP to take specific actions regarding programming, good conduct time credit (projected credits based upon the length of sentence, which can be lost), FSA time credit (additional credit that can be earned and applied to offset discretionary pre-release custody time[1]),

---

[1] Pre-release custody occurs when an inmate serves his/her BOP custody term that may, at the discretion of BOP, be served in either Home Detention or a Residential Reentry Center.

*Ochoa v. Thompson, et al*
Case No. 2:21cv01795

Declaration of
Charles Hubbard

and compassionate release, among other issues. *See* Pub. L. No. 115-391, 132 Stat. 5194. The FSA

provided inmates the opportunity to earn time credits for successful participation in Evidence Based

Recidivism Reduction (EBRR) Programs and Productive Activities (PAs). *Id.* Congress imposed

targeted deadlines for phasing in specific aspects of the FSA,[2] with the completion deadline of the

phase in process established as January 15, 2022.

      6.     With the final deadline looming, on January 14, 2022, the Bureau established interim

procedures for appropriate retroactive application of FTCs under the provisions of the FSA while the

policies were in the process of being developed and the regulations were being finalized.

      7.     Just recently, on January 19, 2022, the FSA Time Credits Final Rule was published in

the Federal Register. FSA Time Credits, 87 Fed. Reg. 2,705 (Jan. 19, 2022) (to be codified at 28

C.F.R. §§ 523, 541). Within the First Step Act, Congress made clear that time credits should be

broadly applicable to an extensive range of prisoners for widespread activities in order to make the

best use of their opportunities to reduce recidivism. To align with Congress' intent, the Bureau

developed and adopted a model to achieve the maximum award of FSA time Credits to the maximum

number of eligible inmates. *Id.* at 2,711. The rule codifies the BOP's procedures regarding the

earning and application of FTCs, as authorized by 18 U.S.C. § 3632(d)(4) and Section 101 of the

First Step Act of 2018 (Pub. L. 115-391, December 21, 2018, 132 Stat 5194).

---

[2] Not later than 210 days after the enactment of the FSA, or by July 19, 2019, the Attorney General shall develop and release a risk and needs assessment system, referred to as "the System." 18 U.S.C. § 3632(a). Not later than 180 days after the System is developed and released (the Prisoner Assessment Tool Targeting Estimated Risk and Needs "PATTERN" released July 19, 2019), or by January 15, 2020, the BOP shall conduct an initial assessment for each prisoner, begin to expand the EBRRs and PAs offered, and implement other tools necessary to implement the System over time. *Id.* at § 3621(h)(1). Congress allowed an additional 2 years, or until January 15, 2022, to complete the phase-in of the System, at which time the BOP will fully implement EBRR program incentives and PA rewards, to include the application of FSA Time Credits. *See id.* at §§ 3621(h)(2) and 3632(d).

*Ochoa v. Thompson, et al*
Case No. 2:21cv01795

Declaration of
Charles Hubbard

8. Eligible inmates begin earning FTCs after the inmate's term of incarceration commences under 18 U.S.C. § 3585(a) and are able to earn retroactive application of time credits for programming or activities in which he or she participated in from December 21, 2018, the date of enactment of the First Step Act of 2018. *See* FSA Time Credits, 87 Fed. Reg. at 2,718. For every 30-day period that an eligible inmate has successfully participated in EBRR Programs or PAs recommended based on the inmate's risk and needs assessment, that inmate will earn 10 days of FSA Time Credits. Inmates will earn 15 credits for every 30 days that they successfully participate in programming if those inmates rated at a minimum or low risk for recidivating and maintained a consistent minimum or low risk of recidivism over the most two recent consecutive risk and needs assessments conducted by BOP. *See* 18 U.S.C. § 3632(d)(4), *see also* FSA Time Credits, 87 Fed. Reg. at 2,707, 2718. The final rule outlines how, under the FSA, eligible inmates may earn time credits towards prerelease custody or early transfer to supervised release under 18 U.S.C. § 3624(g) for successful participation in EBRR programs or PAs recommended by staff based on the inmate's risk and needs assessment. *Id.*

9. Congress identified inmates that are *ineligible* to earn time credits as those serving a term of imprisonment for conviction under any of the offenses enumerated at 18 U.S.C. § 3632(d)(4)(D) (emphasis added). Conversely, an eligible inmate is defined as any inmate serving a term of imprisonment pursuant to a conviction under the U.S. Code for a federal criminal offense, except for those disqualifying offenses outlined by Congress, and that is in the custody of the BOP. *See* FSA Time Credits, 87 Fed. Reg. at 2,718. As such, the following inmates are ineligible to earn FTCs: federal inmates in state custody, state boarders in BOP custody, and military code inmates. Additionally, DC Code offenders are not considered eligible to earn FTCs until such time the DC

Counsel determines under what circumstances DC Code offenders should be eligible for FSA Time Credits as a matter of DC law. *See id.* at 2,715-16.

10. Furthermore, an eligible inmate must be "successfully participating" in EBRR programs or PAs to earn FTCs. *See* 18 U.S.C. § 3632(d)(4)(C). The newly published rules define successful participation as including a determination by Bureau staff that an eligible inmate has participated in a recommended program or activity and complied with the requirements. *See* FSA Time Credits, 87 Fed. Reg. at 2,717. Participation for the purposes of FTC eligibility will not be ordinarily affected by temporary operational or programmatic interruptions authorized by the Bureau which would prevent an inmate from participating in an EBRR or PA. *Id.* However, the accrual of time credits may be suspended in certain situations when an inmate is unable to participate in recommended programming, including, but not limited to, situations such as: (1) placement in a Special Housing Unit (SHU)[3]; (2) designation status outside the institution (e.g. for extended medical placement in a hospital or outside institution, court appearances, an escorted trip, a furlough, etc.); (3) temporary transfer to the custody of another federal or non-federal government agency; (4) placement in mental health/psychiatric holds; or (5) "opting out"[4] (choosing not to participate in the EBBR

---

[3] Inmates may be placed in the SHU for administrative detention when under investigation or awaiting a hearing for possibly violating a BOP regulation or criminal law; pending transfer to another institution or location; seeking protective custody; and post disciplinary detention (e.g., ending confinement in disciplinary segregation status and returning to general population would threaten safety, security and good order of institution). Alternatively, an inmate may be placed in disciplinary segregation status only by the Discipline Hearing Office (DHO) as a disciplinary sanction for violating BOP regulations.

[4] Opting out will not, by itself, be considered a disciplinary violation. It will result in the exclusion of further benefits or privileges allowable under the FSA, until the inmate elects to "opt in". However a violation of specific requirements or rules of a particular recommended EBBR program or PA, including refusal to participate or withdrawal, may be considered a disciplinary sanction. As with the loss of GTC, inmates may seek review of lost FTCs through the BOP's Administrative Remedy Program (28 C.F.R. § 542). Inmates, who have lost FTCs, may have part or all of the lost FTCs restored after clear conduct for two consecutive risk and needs assessments conducted by BOP. *See* FTCs, 87 Fed. Reg. at 2,717-18.

*Ochoa v. Thompson, et al*
Case No. 2:21cv01795

Declaration of
Charles Hubbard

programs or PAs that the Bureau has recommended based on the inmate's individualized risk and needs assessment). *Id.*

11. As it pertains to the application of FSA Time Credits, the new rules outline how FTCs may be applied to either prelease custody or supervised release. *Id.* at 2,718. The Bureau may not apply FTCs toward prerelease custody or early transfer to supervised release for those inmates subject to a final order of removal under immigration laws. *Id.* When permitted, the consideration for the application of FTCs under 18 U.S.C. 3624(g) applies to those eligible inmates who have earned FTCs in an amount that is equal to the remainder of the inmate's imposed term of imprisonment, had the term of imprisonment computed under applicable law, and has been determined to have a recidivism risk level to be low or minimum through periodic risk assessments. *Id.* For those inmates with a supervised release term following their imprisonment, the Director of the BOP has exercised his discretion under 18 U.S.C. § 3624(g)(3) to apply all time credits up to 365 days toward an inmate's supervised release so long as all eligibility requirements imposed by the FSA have been met. *Id.* Any FTC earned beyond that amount may be applied toward community placement in pre-release custody under 18 U.S.C. § 3624(g)(2). With the ability to earn credits from December 21, 2018, this retroactive application means many inmates who are near to the end of their sentences who have a low or minimum risk rating will be transferred to supervised release or prelease custody immediately or in the days and weeks following the implementation deadline.

12. While the rules will take some time to implement fully, the Bureau has already begun to recalculate the imposed term of imprisonment in accordance with applicable law for those inmates who are approaching the end of their sentences and who have successfully participated and earned FTCs in such an amount that they may be eligible for immediate release. The Bureau has prioritized sentence computations based on those inmates projected to be immediately released, those inmates

*Ochoa v. Thompson, et al*
Case No. 2:21cv01795

Declaration of
Charles Hubbard

projected to be released within 45 days after the application of time credits, and then for those inmates subject to immediate community placement referrals. For all remaining inmates, time credit processing will be in order based on their expected date of transfer to community placement. The calculation process will ultimately occur for all eligible incarcerated persons who have successfully participated in EBRRs and PAs.

13.     Since the enactment of the FSA, my duties include supporting BOP staff in assessing inmates for FTC eligibility as well as assisting in the formulation of policy and procedures necessary to carry out the implementation of the FSA. Based upon my review, I am aware Petitioner has a current PATTERN score of Low and has been determined eligible to earn FSA Time Credits. *See* Attachment 3, which is a true and correct copy of a SENTRY Inmate History First Step report for Petitioner generated January 26, 2022. Considering Petitioner's current projected release date is February 24, 2030, the BOP's application of FTCs has not immediately impacted Petitioner. As such, BOP has not calculated any award at this time nor has the agency officially determined any impact on his pre-release custody.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 28th day of January 2022, at Dublin, CA.

Charles Hubbard
Regional Correctional Programs Administrator
Western Regional Office

*Ochoa v. Thompson, et al*
Case No. 2:21cv01795

*Ochoa* 21cv01795

Declaration

Attachment 1



# UNITED STATES DISTRICT COURT
### Northern District of Illinois

<table>
<tr><td>

UNITED STATES OF AMERICA

**v.**

SERGIO OCHOA

</td><td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td><td>

**JUDGMENT IN A CRIMINAL CASE**

<br>

Case Number:   1:15-CR-00447(12)

USM Number:   74818-112

<br><br>

Christopher Booth<br>
<small>Defendant's Attorney</small>

</td></tr>
</table>

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1 and 6 of the Fifth Superseding Indictment

☐ pleaded nolo contendere to count(s)     which was accepted by the court.

☐ was found guilty on count(s)     after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 21:846=Cd.F Conspiracy To Distribute Controlled Substance | 07/01/2015 | 1s |
| 18:1956-3300.F Money Laundering - Interstate Commerce | 07/01/2015 | 6s |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) 5 of the Fifth Superseding Indictment and all prior counts included in all prior Indictments dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

June 14, 2018
Date of Imposition of Judgment

Signature of Judge
Robert W. Gettleman, United States District Judge

Name and Title of Judge

June 14, 2018
Date

ILND 245B (Rev. 03/29/2018) Judgment in a Criminal Case
Sheet 2 – Imprisonment

Judgment – Page 2 of 8

DEFENDANT: SERGIO OCHOA
CASE NUMBER: 1:15-CR-00447(12)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
one hundred eighty (180) months as to count 1s and one hundred eighty (180) months as to count 6s; Terms to run concurrent

☒ The court makes the following recommendations to the Bureau of Prisons: That the Bureau select the facility located as close to Los
   Angeles, California as possible that has a Residential Drug Abuse Program, and that defendant participate in the Residential Drug Abuse
   Program.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at          on

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2:00 pm on

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____

_____

_____

Defendant delivered on _____ to _____ at_____, with a certified copy of this
judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

ILND 245B (Rev. 3/29/2018) Judgment in a Criminal Case
Sheet 3 – Supervised Release                                                                                               Judgment – Page 3 of 8

DEFENDANT: SERGIO OCHOA
CASE NUMBER: 1:15-CR-00447(12)

## MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of:
five (5) years on Count 1s and three (3) years on Count 6s; terms to run concurrent.

You must report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. The court imposes those conditions identified by checkmarks below:

**During the period of supervised release:**
- ☒ (1) you shall not commit another Federal, State, or local crime.
- ☒ (2) you shall not unlawfully possess a controlled substance.
- ☐ (3) you shall attend a public, private, or private nonprofit offender rehabilitation program that has been approved by the court, if an approved program is readily available within a 50-mile radius of your legal residence. [Use for a first conviction of a domestic violence crime, as defined in **§ 3561(b)**.]
- ☐ (4) you shall register and comply with all requirements of the Sex Offender Registration and Notification Act (**42 U.S.C. § 16913**).
- ☒ (5) you shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law.
- ☒ (6) you shall refrain from any unlawful use of a controlled substance AND submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release. [This mandatory condition may be ameliorated or suspended by the court for any defendant if reliable sentencing information indicates a low risk of future substance abuse by the defendant.]

## DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)

**Discretionary Conditions** — The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in **§ 3553(a)(1)** and **(a)(2)(B), (C), and (D)**; such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in **§ 3553 (a)(2) (B), (C), and (D)**; and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to **28 U.S.C. 994a**. The court imposes those conditions identified by checkmarks below:

**During the period of supervised release:**
- ☒ (1) you shall provide financial support to any dependents if financially able.
- ☐ (2) you shall make restitution to a victim of the offense under **§ 3556** (but not subject to the limitation of **§ 3663(a)** or **§ 3663A(c)(1)(A)**).
- ☐ (3) you shall give to the victims of the offense notice pursuant to the provisions of **§ 3555**, as follows: ▮
- ☐ (4) you shall seek, and work conscientiously at, lawful employment or pursue conscientiously a course of study or vocational training that will equip you for employment.
- ☐ (5) you shall refrain from engaging in a specified occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense, or engage in such a specified occupation, business, or profession only to a stated degree or under stated circumstances; (if checked yes, please indicate restriction(s)) ▮ .
- ☒ (6) you shall refrain from knowingly meeting or communicating with any person whom you know to be engaged, or planning to be engaged, in criminal activity and from:
  - ☐ visiting the following type of places: ▮ .
  - ☒ knowingly meeting or communicating with the following persons: Members or associates of the Sinaloa Drug Cartel.
- ☒ (7) you shall refrain from ☐ any or ☒ excessive use of alcohol (defined as ☒ having a blood alcohol concentration greater than 0.08); or ☒ ▮ , or any use of a narcotic drug or other controlled substance, as defined in **§ 102** of the Controlled Substances Act (**21 U.S.C. § 802**), without a prescription by a licensed medical practitioner.
- ☒ (8) you shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
- ☒ (9) ☒ you shall participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year.
  - ☐ you shall participate, at the direction of a probation officer, in a mental health treatment program, which may include the use of prescription medications.
  - ☐ you shall participate, at the direction of a probation officer, in medical care; (if checked yes, please specify: ▮ .)

ILND 245B (Rev. 3/29/2018) Judgment in a Criminal Case
Sheet 3 – Supervised Release

Judgment – Page 4 of 8

DEFENDANT: SERGIO OCHOA
CASE NUMBER: 1:15-CR-00447(12)

☐ (10) (intermittent confinement): you shall remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling ▢▢▢▢ [no more than the lesser of one year or the term of imprisonment authorized for the offense], during the first year of the term of supervised release (provided, however, that a condition set forth in **§ 3563(b)(10)** shall be imposed only for a violation of a condition of supervised release in accordance with **§ 3583(e)(2)** and only when facilities are available) for the following period ▢▢▢▢.

☐ (11) (community confinement): you shall reside at, or participate in the program of a community corrections facility (including a facility maintained or under contract to the Bureau of Prisons) for all or part of the term of supervised release, for a period of ▢▢▢▢ months.

☐ (12) you shall work in community service for ▢▢▢▢ hours as directed by a probation officer.

☐ (13) you shall reside in the following place or area: ▢▢▢▢, or refrain from residing in a specified place or area: ▢▢▢▢.

☒ (14) you shall remain within the jurisdiction where you are being supervised, unless granted permission to leave by the court or a probation officer.

☒ (15) you shall report to a probation officer as directed by the court or a probation officer.

☒ (16) ☒ you shall permit a probation officer to visit you ☒ at any reasonable time or ☐ as specified: ,
  ☒ at home ☐ at work ☒ at school ☒ at a community service location
  ☒ other reasonable location specified by a probation officer
  ☒ you shall permit confiscation of any contraband observed in plain view of the probation officer.

☒ (17) you shall notify a probation officer promptly, within 72 hours, of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer.

☒ (18) you shall notify a probation officer promptly, within 72 hours, if arrested or questioned by a law enforcement officer.

☐ (19) (home confinement): you shall remain at your place of residence for a total of ▢▢▢▢ months during nonworking hours. [This condition may be imposed only as an alternative to incarceration.]
  ☐ Compliance with this condition shall be monitored by telephonic or electronic signaling devices (the selection of which shall be determined by a probation officer). Electronic monitoring shall ordinarily be used in connection with home detention as it provides continuous monitoring of your whereabouts. Voice identification may be used in lieu of electronic monitoring to monitor home confinement and provides for random monitoring of your whereabouts. If the offender is unable to wear an electronic monitoring device due to health or medical reasons, it is recommended that home confinement with voice identification be ordered, which will provide for random checks on your whereabouts. Home detention with electronic monitoring or voice identification is not deemed appropriate and cannot be effectively administered in cases in which the offender has no bona fide residence, has a history of violent behavior, serious mental health problems, or substance abuse; has pending criminal charges elsewhere; requires frequent travel inside or outside the district; or is required to work more than 60 hours per week.
  ☐ You shall pay the cost of electronic monitoring or voice identification at the daily contractual rate, if you are financially able to do so.
  ☐ The Court waives the electronic/location monitoring component of this condition.

☐ (20) you shall comply with the terms of any court order or order of an administrative process pursuant to the law of a State, the District of Columbia, or any other possession or territory of the United States, requiring payments by you for the support and maintenance of a child or of a child and the parent with whom the child is living.

☐ (21) (deportation): you shall be surrendered to a duly authorized official of the Homeland Security Department for a determination on the issue of deportability by the appropriate authority in accordance with the laws under the Immigration and Nationality Act and the established implementing regulations. If ordered deported, you shall not reenter the United States without obtaining, in advance, the express written consent of the Attorney General or the Secretary of the Department of Homeland Security.

☒ (22) you shall satisfy such other special conditions as ordered below.

☐ (23) (if required to register under the Sex Offender Registration and Notification Act) you shall submit at any time, with or without a warrant, to a search of your person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects, by any law enforcement or probation officer having reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by you, and by any probation officer in the lawful discharge of the officer's supervision functions (see special conditions section).

☒ (24) Other: You shall submit your person, property, house, residence, vehicle, papers [computers (as defined in 18 U.S.C. 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States Probation Officer(s). Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer(s) may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

ILND 245B (Rev. 3/29/2018) Judgment in a Criminal Case
Sheet 3 – Supervised Release

Judgment – Page 5 of 8

DEFENDANT: SERGIO OCHOA
CASE NUMBER: 1:15-CR-00447(12)

## SPECIAL CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. 3563(b)(22) and 3583(d)

The court imposes those conditions identified by checkmarks below:

**During the term of supervised release:**

☒ (1)  if you have not obtained a high school diploma or equivalent, you shall participate in a General Educational Development (GED) preparation course and seek to obtain a GED within the first year of supervision.

☐ (2)  you shall participate in an approved job skill-training program at the direction of a probation officer within the first 60 days of placement on supervision.

☒ (3)  you shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 20 hours of community service per week at the direction of the U.S. Probation Office until gainfully employed. The amount of community service shall not exceed 200 hours.

☐ (4)  you shall not maintain employment where you have access to other individual's personal information, including, but not limited to, Social Security numbers and credit card numbers (or money) unless approved by a probation officer.

☐ (5)  you shall not incur new credit charges or open additional lines of credit without the approval of a probation officer unless you are in compliance with the financial obligations imposed by this judgment.

☐ (6)  you shall provide a probation officer with access to any requested financial information necessary to monitor compliance with conditions of supervised release.

☐ (7)  you shall notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

☐ (8)  you shall provide documentation to the IRS and pay taxes as required by law.

☐ (9)  you shall participate in a sex offender treatment program. The specific program and provider will be determined by a probation officer. You shall comply with all recommended treatment which may include psychological and physiological testing. You shall maintain use of all prescribed medications.

    ☐  You shall comply with the requirements of the Computer and Internet Monitoring Program as administered by the United States Probation Office. You shall consent to the installation of computer monitoring software on all identified computers to which you have access. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. You shall not remove, tamper with, reverse engineer, or in any way circumvent the software.

    ☐  The cost of the monitoring shall be paid by you at the monthly contractual rate, if you are financially able, subject to satisfaction of other financial obligations imposed by this judgment.

    ☐  You shall not possess or use any device with access to any online computer service at any location (including place of employment) without the prior approval of a probation officer. This includes any Internet service provider, bulletin board system, or any other public or private network or email system.

    ☐  You shall not possess any device that could be used for covert photography without the prior approval of a probation officer.

    ☐  You shall not view or possess child pornography. If the treatment provider determines that exposure to other sexually stimulating material may be detrimental to the treatment process, or that additional conditions are likely to assist the treatment process, such proposed conditions shall be promptly presented to the court, for a determination, pursuant to **18 U.S.C. § 3583(e)(2)**, regarding whether to enlarge or otherwise modify the conditions of supervision to include conditions consistent with the recommendations of the treatment provider.

    ☐  You shall not, without the approval of a probation officer and treatment provider, engage in activities that will put you in unsupervised private contact with any person under the age of 18, or visit locations where children regularly congregate (*e.g.*, locations specified in the Sex Offender Registration and Notification Act.)

    ☐  This condition does not apply to your family members: ▓▓▓▓ [Names]

    ☐  Your employment shall be restricted to the district and division where you reside or are supervised, unless approval is granted by a probation officer. Prior to accepting any form of employment you shall seek the approval of a probation officer, in order to allow the probation officer the opportunity to assess the level of risk to the

ILND 245B (Rev. 3/29/2018) Judgment in a Criminal Case
Sheet 3 – Supervised Release

Judgment – Page 6 of 8

DEFENDANT: SERGIO OCHOA
CASE NUMBER: 1:15-CR-00447(12)

community you will pose if employed in a particular capacity. You shall not participate in any volunteer activity that may cause you to come into direct contact with children except under circumstances approved in advance by a probation officer and treatment provider.

☐ You shall provide the probation officer with copies of your telephone bills, all credit card statements/receipts, and any other financial information requested.

☐ You shall comply with all state and local laws pertaining to convicted sex offenders, including such laws that impose restrictions beyond those set forth in this order.

☐ (10) you shall pay any financial penalty that is imposed by this judgment that remains unpaid at the commencement of the term of supervised release. Your monthly payment schedule shall be an amount that is at least $            or         % of your net monthly income, defined as income net of reasonable expenses for basic necessities such as food, shelter, utilities, insurance, and employment-related expenses.

☒ (11) you shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.

☐ (12) you shall repay the United States "buy money" in the amount of $            which you received during the commission of this offense. (The Clerk of the Court shall remit the funds to            (include Agency and Address).)

☐ (13) if the probation officer determines that you pose a risk to another person (including an organization or members of the community), the probation officer may require you to tell the person about the risk, and you must comply with that instruction. Such notification could include advising the person about your record of arrests and convictions and substance use. The probation officer may contact the person and confirm that you have told the person about the risk.

☐ (14) Other:

ILND 245B (Rev. 3/29/2018) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

DEFENDANT: SERGIO OCHOA
CASE NUMBER: 1:15-CR-00447(12)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $200.00 | $.00 | $.00 | $.00 |

☐     The determination of restitution is deferred until     . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐     The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

      If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

☐     Restitution amount ordered pursuant to plea agreement $

☐     The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐     The court determined that the defendant does not have the ability to pay interest and it is ordered that:

       ☐     the interest requirement is waived for the     .

       ☐     the interest requirement for the     is modified as follows:

☐     The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\* Findings for the total amount of losses are required under **Chapters 109A, 110, 110A, and 113A of Title 18** for offenses committed on or after September 13, 1994, but before April 23, 1996.

ILND 245B (Rev. 03/29/2018) Judgment in a Criminal Case

Sheet 7 - Denial of Federal Benefits

Judgment – Page 8 of 8

DEFENDANT: SERGIO OCHOA
CASE NUMBER: 1:15-CR-00447(12)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $200.00 due immediately.

     ☐ balance due not later than      , or

     ☐ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal     *(e.g. weekly, monthly, quarterly)* installments of $     over a period of     *(e.g.. months or years)*, to commence    *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal     *(e.g. weekly, monthly, quarterly)* installments of $     over a period of     *(e.g.. months or years)*, to commence    *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within     *(e.g. 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee, if<br>Appropriate |
|---|---|---|---|

**\*\*See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.\*\***

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

*Ochoa* 21cv01795

Declaration

Attachment 2

```
   ATWIJ          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      01-26-2022
 PAGE 001 OF 001                                                      15:13:02
         FUNCTION: L-P SCOPE: REG   EQ 74818-112   OUTPUT FORMAT: FULL
   -------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
 DT RCV: FROM _____ THRU _____ DT STS: FROM _____ THRU _____
 DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
 DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
 STS/REAS: _____ _____ _____ _____ _____ _____ _____ _____
 SUBJECTS: _____ _____ _____ _____ _____ _____ _____ _____
 EXTENDED: _ REMEDY LEVEL: _ _           RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
 RCV  OFC : EQ _____    _____    _____    _____    _____    _____
 TRACK:  DEPT: _____    _____    _____    _____    _____    _____
        PERSON: ____    ____     ____     ____     ____     ____
          TYPE: ____    ____     ____     ____     ____     ____
 EVNT FACL: EQ _____    _____    _____    _____    _____    _____
 RCV FACL.: EQ _____    _____    _____    _____    _____    _____
 RCV UN/LC: EQ _____  _____  _____  _____  _____  _____
 RCV QTR..: EQ _____  _____  _____  _____  _____  _____
 ORIG FACL: EQ _____    _____    _____    _____    _____    _____
 ORG UN/LC: EQ _____  _____  _____  _____  _____  _____
 ORIG QTR.: EQ _____  _____  _____  _____  _____  _____


   G5152      NO REMEDY DATA EXISTS FOR THIS INMATE
```

*Ochoa* 21cv01795

Declaration

Attachment 3

```
REG NO..: 74818-112 NAME....: OCHOA, SERGIO
CATEGORY: FSA       FUNCTION: PRT       FORMAT:
```

| FCL | ASSIGNMENT DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|-----|----------------------|-----------------|----------------|
| HER | FTC ELIG    FTC-ELIGIBLE - REVIEWED | 11-23-2019 0655 | CURRENT |
| HER | N-ANGER N  NEED - ANGER/HOSTILITY NO | 01-16-2022 1021 | CURRENT |
| HER | N-ANTISO N  NEED - ANTISOCIAL PEERS NO | 01-16-2022 1021 | CURRENT |
| HER | N-COGNTV Y  NEED - COGNITIONS YES | 01-16-2022 1021 | CURRENT |
| HER | N-DYSLEX N  NEED - DYSLEXIA NO | 05-30-2021 1658 | CURRENT |
| HER | N-EDUC N    NEED - EDUCATION NO | 01-16-2022 1021 | CURRENT |
| HER | N-FIN PV N  NEED - FINANCE/POVERTY NO | 01-16-2022 1021 | CURRENT |
| HER | N-FM/PAR N  NEED - FAMILY/PARENTING YES | 01-16-2022 1021 | CURRENT |
| HER | N-M HLTH N  NEED - MENTAL HEALTH NO | 01-16-2022 1021 | CURRENT |
| HER | N-MEDICL N  NEED - MEDICAL NO | 01-16-2022 1021 | CURRENT |
| HER | N-RLF Y     NEED - REC/LEISURE/FITNESS YES | 01-16-2022 1021 | CURRENT |
| HER | N-SUB AB Y  NEED - SUBSTANCE ABUSE YES | 01-16-2022 1021 | CURRENT |
| HER | N-TRAUMA N  NEED - TRAUMA NO | 01-16-2022 1021 | CURRENT |
| HER | N-WORK N    NEED - WORK NO | 01-16-2022 1021 | CURRENT |
| HER | R-LW        LOW RISK RECIDIVISM LEVEL | 07-28-2021 1556 | CURRENT |
| HER | N-WORK N    NEED - WORK NO | 05-30-2021 1658 | 01-16-2022 1021 |
| HER | N-TRAUMA N  NEED - TRAUMA NO | 05-30-2021 1658 | 01-16-2022 1021 |
| HER | N-SUB AB Y  NEED - SUBSTANCE ABUSE YES | 05-30-2021 1658 | 01-16-2022 1021 |
| HER | N-RLF Y     NEED - REC/LEISURE/FITNESS YES | 05-30-2021 1658 | 01-16-2022 1021 |
| HER | N-M HLTH N  NEED - MENTAL HEALTH NO | 05-30-2021 1658 | 01-16-2022 1021 |
| HER | N-MEDICL N  NEED - MEDICAL NO | 05-30-2021 1658 | 01-16-2022 1021 |
| HER | N-FIN PV N  NEED - FINANCE/POVERTY NO | 05-30-2021 1658 | 01-16-2022 1021 |
| HER | N-FM/PAR Y  NEED - FAMILY/PARENTING YES | 06-14-2021 1454 | 01-16-2022 1021 |
| HER | N-EDUC N    NEED - EDUCATION NO | 05-30-2021 1658 | 01-16-2022 1021 |
| HER | N-COGNTV Y  NEED - COGNITIONS YES | 05-30-2021 1658 | 01-16-2022 1021 |
| HER | N-ANTISO N  NEED - ANTISOCIAL PEERS NO | 05-30-2021 1658 | 01-16-2022 1021 |
| HER | N-ANGER N   NEED - ANGER/HOSTILITY NO | 06-14-2021 1454 | 01-16-2022 1021 |
| HER | N-FM/PAR N  NEED - FAMILY/PARENTING NO | 05-30-2021 1658 | 06-14-2021 1454 |
| HER | N-ANGER Y   NEED - ANGER/HOSTILITY YES | 05-30-2021 1658 | 06-14-2021 1454 |
| HER | R-LW        LOW RISK RECIDIVISM LEVEL | 07-28-2021 1226 | 07-28-2021 1556 |
| HER | R-LW        LOW RISK RECIDIVISM LEVEL | 04-28-2021 1449 | 07-28-2021 1226 |
| TCP | N-WORK N    NEED - WORK NO | 10-02-2020 1322 | 05-30-2021 1658 |
| TCP | N-TRAUMA N  NEED - TRAUMA NO | 12-04-2019 1800 | 05-30-2021 1658 |
| TCP | N-RLF Y     NEED - REC/LEISURE/FITNESS YES | 09-21-2020 1640 | 05-30-2021 1658 |
| TCP | N-M HLTH N  NEED - MENTAL HEALTH NO | 07-24-2020 2300 | 05-30-2021 1658 |
| TCP | N-DYSLEX N  NEED - DYSLEXIA NO | 10-05-2020 1623 | 05-30-2021 1658 |
| TCP | N-COGNTV Y  NEED - COGNITIONS YES | 12-04-2019 1800 | 05-30-2021 1658 |
| TCP | N-ANTISO N  NEED - ANTISOCIAL PEERS NO | 12-04-2019 1800 | 05-30-2021 1658 |
| TCP | N-ANGER Y   NEED - ANGER/HOSTILITY YES | 01-09-2020 1408 | 05-30-2021 1658 |
| TCP | N-MEDICL Y  NEED - MEDICAL YES | 09-21-2020 1015 | 05-30-2021 1658 |
| TCP | N-FIN PV Y  NEED - FINANCE/POVERTY YES | 07-27-2020 1744 | 05-30-2021 1658 |

```
  REG NO..: 74818-112 NAME....: OCHOA, SERGIO
  CATEGORY: FSA        FUNCTION: PRT      FORMAT:

FCL    ASSIGNMENT DESCRIPTION                 START DATE/TIME STOP  DATE/TIME
TCP    R-LW       LOW RISK RECIDIVISM LEVEL   02-09-2021 1028 04-28-2021 1449
TCP    R-LW       LOW RISK RECIDIVISM LEVEL   06-03-2020 1418 02-09-2021 1028
BIG    R-LW       LOW RISK RECIDIVISM LEVEL   11-23-2019 0655 06-03-2020 1418
BIG    UNASSG RSK UNASSIGNED RISK LEVEL       10-07-2019 0431 11-23-2019 0655
BIG    UNREVW HIS UNREVIEWED OFFENSES         10-07-2019 0431 11-23-2019 0655
```

G0000      TRANSACTION SUCCESSFULLY COMPLETED