UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO OCHOA OCHOA,<br><br>    Petitioner,<br><br>    v.<br><br>PAUL THOMPSON, et al.,<br><br>    Respondent. | No.  2:21-cv-1795 KJM KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a federal prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner challenges certain Bureau of Prisons ("BOP") policies regarding the First Step Act and the BOP's application of the Act to its determination of his release date.

Pending before the court is respondent's motion to dismiss.  (ECF No. 10.)  For the reasons stated herein, the undersigned recommends that respondent's motion to dismiss be granted.

Background

On February 13, 2018, petitioner plead guilty to one count of conspiracy to distribute a controlled substance and one count of money laundering.  (ECF No. 10-1 at 49 (ECF No. 363).)  On June 14, 2018, petitioner was sentenced to two concurrent 180-month terms in federal custody by the United States District Court for the Northern District of Illinois.  (Id. at 2, 51 (ECF No.

1

391).)

Petitioner's full-term completion date is February 24, 2030. (ECF No. 10-2 at 8.) Petitioner "has a current PATTERN score of Low and has been determined eligible to earn First Step Act Time Credits." (Id. at 8, 21-22.) Because petitioner's projected release date is in 2030, the BOP has not yet calculated any award under the First Step Act or officially determined any impact on petitioner's pre-release custody.[1] (Id. at 8.)

On September 30, 2021, petitioner filed the pending habeas corpus petition pursuant to 28 U.S.C. § 2241 seeks an order awarding declaratory relief, as follows:

> (1) directing BOP to immediately credit all work, and credit all education programming earned after the legislation was enacted toward early release; 2) void BOP directives (statements and handbooks too) that directly contradict the legislative intent; and (3) calculate petitioner's days of credit and order BOP to credit those days toward early release and if such date has passed to immediately release the prisoner without the nonsensical 21-day outgoing quarantine period in disciplinary solitary confinement when moving from a BOP classified covid-free prison to general society where the virus is present.

(ECF No. 1 at 6.) If the Court decides such relief is premature before January 15, 2022, petitioner asks for such declaratory relief on January 16, 2022. (Id.) Petitioner calculates his projected release date as May 24, 2026. (Id. at 1.)

On February 1, 2022, respondent warden filed the pending motion to dismiss. (ECF No. 10.) Respondent moves to dismiss the petition for lack of Article III standing and ripeness, lack of jurisdiction under 28 U.S.C. § 2241, and for failure to exhaust administrative remedies. (Id.)

On February 7, 2022, petitioner filed a reply and an opposition to the motion to dismiss. (ECF No. 11.)

////

////

---

[1] The BOP is prioritizing "sentence computations based on those inmates projected to be immediately released, those inmates projected to be released within 45 days after the application of time credits, and then for those inmates subject to immediate community referrals. For all remaining inmates, time credit processing will be in order based on their expected date of transfer to community placement." (ECF No. 10-2 at 7-8.)

2

Discussion

*The First Step Act*

The First Step Act was signed into law on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). The relevant portions of the First Step Act allow eligible prisoners to earn time credits against their sentences for successfully completing certain "recidivism reduction programming" or "productive activities." 18 U.S.C. § 3632(d)(4). The Attorney General was allowed 210 days after the First Step Act was enacted to develop and publish the Risk Assessment Needs system, which the Bureau of Prisons ("BOP") must use as a guide to implement the programs. 18 U.S.C. § 3632(a). The Attorney General published the Risks and Needs Assessment on July 19, 2019. The BOP then had 180 days, or until January 15, 2020, to implement the system, complete inmate risk assessments, and then begin to assign prisoners to appropriate evidence-based recidivism reduction programs. 18 U.S.C. § 3621(h).

Thereafter BOP was given an additional two years, or until January 15, 2022, to phase in programming and provide "evidenced based recidivism reduction programs and productive activities for all prisoners." 18 U.S.C. § 3621(h)(2)(A-B). Moreover, during this "phase-in" period, the BOP was empowered to exercise its own discretion as to how and when to expand programs and activities, as well as offer the system's incentives and rewards as of the date of enactment of the First Step Act:

> Beginning on the date of enactment of this subsection, the Bureau of Prisons *may* begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and *may* offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D.

§ 3621(h)(4) (emphasis added).

*Ripeness*

The ripeness doctrine is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." Nat'l Park Hosp. Ass'n v. Dep't of the Interior, 538 U.S. 803, 808 (2003) (quoting Reno v. Cath. Soc. Servs., Inc., 509 U.S. 43, 57 n.18 (1993)). It "is to prevent the courts, through premature adjudication, from entangling

3

themselves in abstract disagreements" when those disagreements are premised on "contingent future events that may not occur as anticipated, or indeed may not occur at all." Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580-81 (1985) (citations omitted); Wolfson v. Brammer, 616 F.3d 1045, 1057 (9th Cir. 2010); see also Simmonds v. INS, 326 F.3d 351, 357 (2d Cir. 2003) (evaluating ripeness in the context of a habeas petition, stating "[p]rudential ripeness is ... a tool that courts may use to enhance the accuracy of their decisions and to avoid becoming embroiled in adjudications that may later turn out to be unnecessary or may require premature examination").

The majority of courts that have considered claims regarding the BOP's alleged failure to award earned time credits under the First Step Act have concluded that these claims are not ripe at this time because the BOP has until January 15, 2022, to "phase-in" the evidence-based recidivism programs and productive activities for all prisoners. Khouanmany v. Gutierrez, 2021 WL 4394591, at *4 (C.D. Cal. Aug. 2, 2021) ("The majority of courts to have considered claims regarding the BOP's failure to award earned time credits under the First Step Act have concluded that such claims are not ripe at this time because the BOP has until January 15, 2022, to "phase-in" the evidence-based recidivism reduction programs and productive activities for all prisoners.") (citing Novotny v. Yankton FPC, Warden, 2021 WL 3089287, at *1 (D. S.D. July 21, 2021) (inmates do not have standing to seek an order requiring the BOP to apply earned time credits toward prerelease custody before January 15, 2022); Diaz v. Warden, FCI-Ray Brook, 2021 WL 3032694, at *2-3 (N.D. N.Y. July 19, 2021) (challenge to BOP's calculation of earned time credit under the First Step Act was not ripe for review); Hand v. Barr, 2021 WL 392445, at *5 (E.D. Cal. Feb. 4, 2021) ("because the Act does not require BOP to provide evidence-based recidivism reduction programs and productive activities for all prisoners until January 2022, the Court finds that petitioner's claims regarding earned time credits and evidence-based recidivism reduction programs are not ripe"), findings and recommendation adopted by 2021 WL 1853295, at *2 (E.D. Cal. May 10, 2021) (given that the regulations governing the First Step Act time credits have yet to be codified, the court agreed that the petitioner's claims regarding First Step Act time credits were not ripe); Cohen v. United States, 2021 WL 1549917, at *3 (S.D. N.Y. Apr.

20, 2021) (claims challenging calculation of earned time credits under the First Step Act was not ripe); Kennedy-Robey v. FCI Pekin, 2021 WL 797516, at *3-4 (C.D. Ill. Mar. 2, 2021) ("The use of the word 'may' indicates that, while it is permissible for the BOP to award time credits under the statute at any time after the date of enactment, the BOP is not required to do so"; thus, the petitioner did not have standing to demand that the BOP apply her time credits as she calculated)); see also Rios v. Thompson, 2021 WL 5040357 (E.D. Cal. Oct. 29, 2021) (claim for immediate release to home confinement based on credits awarded under the First Step Act not ripe); Cisneros-Gutierrez v. White, 2021 WL 4460533 (E.D. Cal. Sept. 9, 2021) (claim for immediate release based on credits awarded under the First Step Act not ripe); Fair v. Thompson, 2022 WL 183429 (E.D. Cal. Jan. 20, 2022) (challenges to certain BOP policies regarding the First Step Act and the BOP's application of the Act dismissed as unripe).

The undersigned agrees with the reasoning of the courts cited above and finds that petitioner's claims are not ripe. Once the Bureau of Prisons has applied First Step Act credits or failed to properly apply such credits, petitioner may file a new petition for relief.

In the petition, petitioner cites Goodman v. Ortiz, 2020 WL 5015613 (D. N.J. Aug. 25, 2020), where the district court found that the BOP need not wait until January 15, 2022, to implement the at-issue sections of the First Step Act. However, the undersigned joins the numerous courts that have respectfully disagreed with the Goodman decision. Diaz v. Warden, 2021 WL 3032694, at *2-3 (N.D. N.Y. July 19, 2021) (acknowledging Goodman but noting that the majority of courts disagree with that opinion); Holt v. Warden, 2021 WL 1925503, at *5 (D. S.D. May 13, 2021) (collecting cases that have disagreed with the Goodman opinion); Kennedy-Robey, 2021 WL 797516, at *4 (C.D. Ill. March 2, 2021) ("If immediate implementation were mandated, Congress would have used the word 'shall' and not 'may' in 18 U.S.C. § 3621(h)(4)).

*Exhaustion*

Respondent also argues petitioner must first exhaust his administrative remedies before bringing a federal action. There is some disagreement among the district courts as to whether exhaustion of a claim for time credits under the First Step Act is required prior to suit. Compare Goodman v. Ortiz, 2020 WL 5015613, at *3, 2020 U.S. Dist. LEXIS 153874, at *5-6 (exhaustion

5

not required) with O'Bryan v. Cox, 2021 WL 983241 at *1-3, 2021 U.S. Dist. LEXIS 50055 at *2-7 (D. S.D. Jan. 12, 2021) (exhaustion required).  Because the court finds that the instant petition is not ripe and must be dismissed, it declines to address the exhaustion argument at this time.

*Remaining Claims*

Because the undersigned finds that petitioner's claims are not ripe, there is no need to address the other grounds raised in respondent's motion to dismiss.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 10) be granted on the grounds that petitioner's claims are not ripe.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 10, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ocho1795.mtd.2241.FSA